THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILL DIVISION

**AUDREY SMITH**

     Plaintiff,

v.

**DAVID P. STEINER**
**POSTMASTER GENERAL**
**UNITED STATES POSTAL SERVICE**

    Defendant.

Case No.:

Honorable Judge
Magistrate Judge

**COMPLAINT**

### I.    Preliminary Statement

Plaintiff Audrey Smith ("Plaintiff" or "Smith") files this lawsuit against Defendant United States Postal Service ("Defendant" or "Service") for violating Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et. seq. ("Title VII" or "the Act"). Plaintiff alleges Defendant has retaliated against her because she has opposed practices made unlawful employment practice by this title and because she has made a charge, testified, assisted, or participated in investigations, hearing, and proceedings under this Act, constituting an unlawful employment action under 42 U.S.C.S. § 2000e-3(a).

Plaintiff under 42 U.S.C § 2000e-5 and  42 U.S.C § 2000e-16 and Plaintiff seeks to recover compensatory damages under 42 U.S.C §1981a in addition to relief authorized under 706(g) of the Civil Rights Act of 1964, from the Defendant, including designating Plaintiff as the prevailing party, attorney's fees, costs of litigation and other declaratory relief, injunctive relief as the Court deems appropriate, including instatement of Plaintiff and made whole relief for

1

discrimination.  Plaintiff seeks an award of prejudgment interest under 28 U.S.C.S. § 1961 on backpay award.

## II.    Parties

1. Plaintiff is a resident of Maury county, Tennessee.

2. This action is brought under 42 U.S.C. §2000e et seq.

3. Defendant is an executive agency as defined in 5 U.S.C. §105.

4. Plaintiff is a federal employee seeking relief for unlawful employment practices. 42 U.S.C. § 2000e-16(a), (c), (d).

## III.    Jurisdiction and Venue

5. On or about July 22, 2024, Plaintiff submitted a formal Equal Employment Opportunity Complaint of Discrimination.

6. On or about December 22, 2025, Defendant issued a Final Agency Decision.

7. This court has jurisdiction pursuant 28 U.S.C. §1331.

8. The events took place in Williamson County.

## IV.    Factual Allegations

9. At all times relevant to the Complaint, Plaintiff was a full time City Carrier working out of the Franklin, TN post office.

10. At all times relevant Jacob Smith was Plaintiff's supervisor at the time of the alleged retaliation ("Supv. J. Smith").

11. Plaintiff engaged in protected activity by engaging the EEO machinery by participating in Agency No. 4 G-370-0109-23 ("Plaintiff's 2023 EEO").

12. On November 21, 2023, Supv. J. Smith signed an EEO Investigative Affidavit as part of the Plaintiff's 2023 EEO action.

13. On February 28, 2024, Supv. J. Smith claims he issued Plaintiff a letter of warning ("LOW").

14. On February 29, 2024, Supv. J. Smith verbally placed Plaintiff on Emergency Placement.

2

15. That same day Acting Attendance Control Officer Krist Cobb ("ACO Cobb") I am requesting an official Emergency Placement document.

16. Labor Relations Specialist Paul Ahnert ("LR Spec. Ahnert") sent an e-mail warning ACO Cobb and Supv. J. Smith that "[a]n Emergency Placement must be an 'immediate' action, and in most cases should not extend beyond a few days. You may not LEAVE an employee in an Emergency Placement status long term."

17. In the same e-mail LR Spec. Ahnert wrote "[c]omplete the Investigative Interview as expeditiously as possible and submit the RFAA package to the TN District Labor Inbox, if disciplinary action is deemed necessary.

18. In a letter dated February 29, 2024, Supv. J. Smith instructed Plaintiff to report for an investigative interview on March 4. 2024.

19. On March 4, 2024, Supv. J. Smith conducted Plaintiff's investigative interview.

20. The Postal Inspection Service ("PIS") conducted investigation of the alleged assault.

21. On March 5, 2024, Plaintiff was interviewed by the PIS and reported she believe Supv. J Smith and T. Marcy were retaliating against her for naming them in an prior EEO complaint.

22. On March 14, 2024, the PIS sent Supv. J. Smith memorandum with attached exhibits stating "[d]ue to the nature of the circumstances, further investigative attention by Inspection Service is not warranted at this time."

23. Plaintiff remained on Emergency Placement through April 22, 2024.

24. On April 22, 2024, Supv. J. Smith issued Plaintiff a Notice of Removal ("NOR").

25. Supv. J. Smith conducted the investigation.

3

26. Supv. J. Smith included in his request for removal is a narrative in which he writes, "[i]n the past 16 months, Audrey has tried to intimidate, harass and threaten me with lawyers and has become extremely stressful and difficult to deal with." (Exhibit 1).

## V.      Causes of Action

### Title VII Retaliation

27. Plaintiff adopts paragraphs 1 through 24.

28. Plaintiff engaged in activities protected under Title VII.

29. Plaintiff participated in the EEO Process and opposed discriminatory practices by making complaints.

30. Defendant took materially adverse actions against Plaintiff, intended to dissuade  a reasonable employee from making or supporting a charge of discrimination, including but not limited to placing plaintiff on unpaid leave, suspension, delaying return to work, unjustified warnings, workplace harassment, ostracism, reputational damage.

31. Plaintiff suffered adverse employment actions and suffered a retaliatory hostile work environment.

32. There are causal connections between Plaintiff's protected activity and the adverse employment action.

33. Plaintiff was subjected to a retaliatory hostile work environment including suspension, reduction in pay and benefits, verbal harassment, disparagement, false reports, heightened scrutiny, and alienation.

34. Plaintiff's prior EEO activity was a motivating factor in the adverse employment actions.

35. Defendant putative non-retaliatory justification for adverse employment actions are mere pretext intended to hid illegally retaliatory animus.

4

## VI. Prayer for relief

Based on the foregoing Plaintiff prays for the following relief:

a. Issue a declaratory judgment that the employment policies practices and procedures conditions and customs of Defendant violate the rights of Plaintiff as secured by federal anti-discrimination and anti-retaliation laws;

b. Grant Plaintiff a permanent injunction enjoining defendant its agents, successors, employees, attorneys, and those acting with Defendant's request from continuing to violate Title VII;

c. Enter an order requiring defendant to make plaintiff whole by:

    i. awarding her reinstatement or front pay,

    ii. an award of back pay that includes all forms of compensation and reflects fluctuations in working time, overtime rates, premium and night work, changing rates of pay, transfers, promotions, and all benefits broadly to include annual leave, sick leave, health insurance, and retirement contributions.

    iii. Pre-judgment interest;

    iv. post-judgment interest;

    v. Compensatory damages for past and future pecuniary losses;

    vi. Compensatory damages for past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life;

    vii. Attorneys' fees;

    viii. The costs and expenses of this action;

    ix. Amount to offset increased tax liability for lump sum payments;

d. Injunctive relief barring Defendants from undertaking such discriminatory practices against other employees, mandating anti-retaliation training, and taking other such injunctive action as the Court finds appropriate;

e. Publication of the notice of Agency's non-compliance in this case; and

f. Such other legal and equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

Daniel Arciniegas TBPR. 35853
**ARCINIEGAS LAW**
256 Seaboard Lane
Suite E-105
Franklin, Tennessee 37067
Telephone: 629.777.5339
Fax: 615.988.9113
Daniel@AttorneyDaniel.com

*Counsel for Plaintiff*
*Audrey Smith*